**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| WILLIE R PEAVY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:16-CV-00724 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 filed by Willie R. Peavy, a pro se prisoner, on October 19, 2016. For the reasons set forth below, the petition (DE 1) is **DENIED WITHOUT PREJUDICE**, and the petitioner is **DENIED** a certificate of appealability.

DISCUSSION

Willie R. Peavy, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his conviction and sentence by the Elkhart Superior Court on February 13, 2012. However, before a petitioner can challenge a State proceeding, he must have previously presented his claims to the State courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is

discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

Here, Peavy is in the process of presenting his claims to the Elkhart Superior Court in his post-conviction relief petition. There is no indication that he has yet presented any claims to the Indiana Supreme Court. Because he has not exhausted his State court remedies, this habeas corpus petition must be dismissed without prejudice.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant a certificate of appealability. When a court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, Peavy's claims are unexhausted because he has not yet presented them to the Indiana Supreme Court. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage

him to proceed further, a certificate of appealability must be denied.

CONCLUSION

For the reasons set forth above, the petition (DE 1) is **DENIED WITHOUT PREJUDICE**, and the petitioner is **DENIED** a certificate of appealability.

**DATED: October 25, 2016**          /s/RUDY LOZANO, Judge
                                     **United States District Court**